UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KYLE JIGGETTS,

                       Plaintiff,

  - against -

NEW YORK CITY DEPARTMENT OF
CITYWIDE ADMINSTRATIVE
SERVICES and ALLIEDBARTON
SECURITY SERVICES,

                       Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 27, 2012

11 Civ. 1245 (PAC) (FM)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se plaintiff Kyle Jiggetts ("Jiggetts") brings this action against the New York City Department of Citywide Administrative Services ("DCAS")[1] and AlliedBarton Security Services ("AlliedBarton") (collectively, "Defendants"), asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), and New York State law. Jiggetts alleges that Defendants: discriminated against him based on his race and perceived disability; retaliated against him for engaging in union-related activities and for filing complaints with the Equal Employment Opportunity Commission ("EEOC"), the Department of Labor ("DOL"), and this Court; and breached their contract with each other, to which Jiggetts was not a party. This is Jiggetts's fourth suit relating to his employment as a security guard at properties operated by DCAS.

---

[1] The City Charter provides that DCAS is not a suable entity. United States v. City of N.Y., 683 F. Supp. 2d 225, 243 (E.D.N.Y. 2010). Magistrate Judge Maas nonetheless construed Jiggetts's papers liberally to assert claims against the City rather than DCAS. (R&R 1 n.1.) This Court does the same here.

On January 6, 2012, Magistrate Judge Frank Maas issued a Report & Recommendation ("R&R"), recommending that Court grant in part and deny in part Defendants' motions, and close the case. Neither Jiggetts, nor any other party filed objections to the R&R. For the reasons that follow, the Court adopts the R&R in its entirety and closes this case.

I.   Facts[2]

From December 1, 2006 to June 30, 2010, Jiggetts worked as a security officer for AlliedBarton. Jiggetts alleges that during his employment, he was harassed, subjected to racial slurs and threats, transferred between work sites, and not permitted to advance to a higher paid position due to his race, and was discriminated against based on a perceived disability.[3] He further alleges that he was retaliated against for his unionizing activities, and for filing EEOC complaints and lawsuits. Finally, Jiggetts alleges that he was not rehired in violation of a collective bargaining agreement.

II.   Procedural History

a.   Prior Litigation

To date, Jiggetts has filed at least fifteen lawsuits in his own name in state or federal court. (See AlliedBarton Br. at 4). The instant case is Jiggetts's fourth suit relating to his employment as a security guard at buildings owned or operated by the City.

In the first suit, Jiggetts v. Tristar Patrol Services, Inc., No. 06 Civ. 4868 (JSR)(RLE) ("Jiggetts I"), Jiggetts sued DCAS and Tristar Patrol Services, Inc. ("Tristar"), a predecessor of AlliedBarton on the City security guard contract, alleging, inter alia, a violation of Title VII and the ADA. Tristar settled with Jiggetts, and Judge Rakoff, adopting Magistrate Judge Ellis's R&R,

---

[2] The facts are taken from the R&R.
[3] While Jiggetts does not disclose his race or disability in his complaint, the documents attached to his complaint and the record from his prior suits indicates that he is African-American, and has a history of alcoholism, drug addiction, and depression.

granted summary judgment for DCAS, because, inter alia, DCAS was not Jiggetts's employer, and there was no evidence to show that Jiggetts's termination was in violation of Title VII or the ADA.

In Jiggetts v. AlliedBarton, No. 08 Civ. 4371 (JSR)(RLE) ("Jiggetts II"), Jiggetts sued AlliedBarton and the New York City Department of Transportation, alleging defendants discriminated against him based on his race and disability, and created a hostile work environment. Judge Rakoff again adopted Magistrate Judge Ellis's R&R and granted summary judgment for defendants, finding Jiggetts failed to adduce any evidence to show that defendants' transferred and terminated Jiggetts based on his race or disability, or to show that the conditions Jiggetts was subject to amounted to a hostile work environment.

In Jiggetts v. Local 32BJ, SEIU, No. 10 Civ. 9082 (DAB)(JCF) ("Jiggetts III"), Jiggetts sued his union, the City, and AlliedBarton, alleging defendants discriminated against him based on his race and disability, retaliated against him, and breached the collective bargaining agreement. While Jiggetts filed the case in state court, the defendants removed the action to this court. Judge Batts, adopting Magistrate Judge Francis's R&R, dismissed Jiggetts's claims, because Jiggetts failed to state a claim for discrimination and retaliation. Judge Batts, again adopting Magistrate Judge Francis's recommendation, then enjoined Jiggetts from filing another suit against AlliedBarton in federal court relating to Jiggetts's employment as a security guard at City owned or operated sites. Due to comity concerns, however, the court did not enjoin Jiggetts from filing suit in state court.

  b. <u>Present Case</u>

On January 19, 2011, Jiggetts obtained a "right-to-sue" letter from the EEOC, and filed this action in New York Supreme Court. Here, much like in Jiggetts III, Jiggetts alleges: (1) he was

3

discriminated against based on his race and a perceived disability; (2) he was retaliated against based on his union-activities, EEOC complaints, and prior suits; and (3) Defendants breached a contract they had with each other. On February 23, 2011, Defendants removed this action to this Court.

On April 28, 2011, Jiggetts moved to remand the case back to New York State Supreme Court or, in the alternative, for dismissal. On May 11, 2011, Magistrate Judge Maas, in a memorandum, noted that he could not grant Jiggetts's request because a motion to dismiss was already pending. Magistrate Judge Maas directed Jiggetts to respond to the motions to dismiss. Jiggetts, however, did not do so. In their motions, Defendants argue that Jiggetts's complaint should be dismiss: (1) based on the doctrines of claim preclusion and issue preclusion; and (2) for failure to state a claim.

### III. Magistrate Judge Maas' R&R

Magistrate Judge Maas recommended that the Court grant in part and deny in part Defendants' 12(b)(6) motions and close this case.

#### A. Claim and Issue Preclusion

Under the doctrine of claim preclusion, or res judicata, a party will be barred from re-litigating a claim where:"(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000)). Magistrate Judge Maas determined that Jiggetts's claims against AlliedBarton were barred under the doctrine of claim preclusion. (R&R 12-14.) The decisions in both Jiggetts II and Jiggetts III were made on the merits. See Teltronics Servs., Inc. v. LLM Ericcson

4

Telecomm., Inc., 642 F.2d 31, 34-35 (2d Cir. 1981); Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) (citing Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 715 (2d Cir. 1977)). Jiggetts and AlliedBarton were both parties to Jiggetts II and Jiggetts III. Finally, "Jiggetts II and Jiggetts III arose out of the same operative facts as this case" and, therefore, Magistrate Judge Maas determined that Jiggetts "either raised, or could have raised, all of his claims in this lawsuit in Jiggetts II and Jiggetts III." (R&R 13.) Magistrate Judge Maas thus recommended that the Court dismiss Jiggetts's claims against AlliedBarton.

DCAS sought dismissal of Jiggetts's claims against it on the doctrine of issue preclusion, based on Jiggetts I. Issue preclusion bars a party from relitigating an issue where: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was 'actually litigated and actually decided,' (3) there was 'a full and fair opportunity for litigation in the prior proceeding,' and (4) the issues previously litigated were 'necessary to support a valid and final judgment on the merits.'" Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (quoting Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986). Magistrate Judge Maas determined that the issues litigated in Jiggetts I were not the same as those here because: "AlliedBarton was not a party in Jiggetts I," and Jiggetts I "involve[d] a different City vendor, a different time period, and possibly even a different contract." (R&R 14-15.) Magistrate Judge Maas thus concluded that DCAS's argument lacked merit. (Id.)

B. <u>Failure to State a Claim</u>[4]

1. <u>Title VII</u>

It is unlawful under Title VII for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). While DCAS was not Jiggetts' direct employer, "[t]he definition of 'employer' has been construed liberally for Title VII purposes 'and does not require a direct employer/employee relationship." <u>Lima v. Addeco</u>, 634 F. Supp. 2d 394, 399 (S.D.N.Y. 2009) (quoting <u>Goodwin v. Orange & Rockland Util., Inc.</u>, No. 04 Civ. 0207(WCC), 2005 WL 2647929, at *3 (S.D.N.Y. Oct. 14, 2005)). Magistrate Judge Maas determined that it is possible that DCAS could be liable for the alleged Title VII violations under the "joint employer doctrine" (R&R 16-17), which applies when "separate legal entities have chosen to handle certain aspects of their employer-employee relationship jointly." <u>Lima</u>, 634 F. Supp. 2d at 399-400. Magistrate Judge Maas observed that Defendants agreed to allow DCAS to, among other things, oversee AlliedBarton's security guard selection and reject any individual security guards it does not want. <u>See</u> <u>Jiggetts III</u>, 2011 WL 4056312, at *8. Thus, Defendants may have jointly handled some aspects of the employment relationship. Magistrate Judge Maas therefore concluded that he "cannot say, as a matter of law, that Jiggetts lacked any employment relationship with DCAS." (R&R 17.)

To state a claim for employment discrimination, Jiggetts had to show: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse

---

[4] Since Jiggetts made no clear distinction between AlliedBarton and DCAS in his complaint, Magistrate Judge Maas analyzed the claims against AlliedBarton on the merits, despite the fact that he already recommended that the Court dismiss Jiggetts' claims against AlliedBarton on claim preclusion grounds.

employment action; and (4) the adverse employment action occurred under circumstances that support an inference of discrimination.  See Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001).  Magistrate Judge Maas determined that Jiggetts "has not alleged any facts supporting an inference of discrimination based on his membership in a protected class." (R&R 18-19.) Rather, Jiggetts offered only conclusory allegations that his work site transfers and termination were racially motivated.  Since Jiggetts failed to plausibly allege a racial motivation for the adverse employment action, Magistrate Judge Maas recommended that the Court dismiss Jiggetts's racial discrimination claims.  (R&R 19.)

To state a claim based on a hostile work environment, Jiggetts had to show: (1) that the work environment was objectively hostile, (2) that he subjectively found the environment to be hostile, and (3) that a specific basis exists for imputing the harassing conduct to DCAS.  See Pronin v. Raffi Custom Photo Lab., Inc., 383 F. Supp. 2d 628, 633 (S.D.N.Y. 2005).  "Objective hostility" is gauged based on all of the circumstances, including: the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).  Further, Jiggetts would have to show "that the employers' allegedly wrongful conduct derived from a specifically prohibited factor," such as race.  Clemente v. N.Y. State Div. of Parole, 684 F. Supp. 2d 366, 373 (S.D.N.Y. 2010).

Jiggetts alleged that he was "degraded," "constantly harassed," "subjected to racial slurs and threats," and denied a promotion because of his race.  Magistrate Judge Maas determined that Jiggetts allegations were not "so severe or pervasive" or "expressly serious" to state a hostile work environment claim.  (R&R 20 (citing Clark Ctny. Sch. Dist. v. Breeden, 532 U.S. 268, 270

(2001) (holding that the harassment must be "so severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment").) Moreover, Magistrate Judge Maas determined that Jiggetts failed to plead facts "sufficient to sustain an inference that the Defendants' acts were racially motivated." (R&R 21.) Accordingly, Magistrate Judge Maas recommended that the Court dismiss all of Jiggetts's Title VII claims. (Id.)

    2. ADA Claims

The ADA prohibits a covered employer from discriminating against a qualified individual on the basis of disability. 42 U.S.C. § 12112(a). To state a claim for disability discrimination, a plaintiff employee must show that "(a) his employer is subject to the ADA; (b) he suffered from, or was regarded as suffering from, a disability within the meaning of the ADA; (c) he could perform the essential functions of his job with or without reasonable accommodation; and (d) he suffered an adverse employment action because of his actual or perceived disability." Capobianco v. City of N.Y., 422 F.3d 47, 56 (2d Cir. 2005).

While Jiggetts alleged that Defendants discriminated against him based on a "perceived disability," he did not allege any facts to "plausibly suggest that Jiggetts was fired or suffered any other adverse employment action as a consequence of an actual or perceived disability." (R&R 22.) In fact, Jiggetts did not even allege that Defendants perceived him to have any disability. Accordingly, "[s]ince Jiggetts merely recites the elements of an ADA claim in a conclusory fashion," Magistrate Judge Maas recommended that the Court dismiss Jiggetts's ADA claims. (R&R 22.)

    3. Retaliation

It is unlawful, under Title VII and the ADA, for an employer to retaliate against an employee who complains of prohibited employment discrimination. 29 U.S.C. § 623(d); 42

U.S.C. §§ 2000e- 3(a), 12203(a).  To state a claim for retaliation, an employee must show that (a) he engaged in a protected activity; (b) the employer knew of this activity; (c) the employer took adverse action against the employee; and (d) there was a causal relation between the adverse action and the employee's protected activity.  <u>Cifra v. Gen. Elec. Co.</u>, 252 F.3d 205, 216 (2d Cir. 2001).

Magistrate Judge Maas determined that "virtually all" of Jiggetts allegations of retaliation were "conclusory." (R&R 23-24 (listing allegations).)  Jiggetts only non-conclusory allegation related to his transfer from 280 Broadway to a Department of Juvenile Justice facility in 2008.  Magistrate Judge Maas concluded that this transfer did not give rise to a retaliation claim because "Jiggetts' transfer was arguably a positive employment action since it did not result in the loss of any benefits and enabled Jiggetts to have a shorter commute to work." (R&R 24.)  Furthermore, Magistrate Judge Maas concluded that Jiggetts's retaliation claim could have been raised in <u>Jiggetts III</u>, and thus was barred by issue preclusion.  (R&R 24.)  He therefore recommended that the Court dismiss Jiggetts's retaliation claims.

    4. <u>State law claims</u>

Jiggetts raised two breach of contract claims under New York State law, alleging that Defendants: (1) breached their security guard contract by failing to comply with state and federal non-discrimination laws; and (2) breached their contract by violating New York State Human Rights Law ("NYSHRL").  Magistrate Judge Maas determined that these claims failed on the merits,[5] but nonetheless recommended that the Court decline to exercise jurisdiction over these state law claims for two reasons.

---

[5] Jiggetts's first breach of contract claim fails because it is predicated upon a violation of federal law, which, as set forth above, Jiggetts failed to plausibly allege.  Jiggetts's second breach of contract claim fails because the standards applicable to a NYSHRL claim mirror the standards applicable to a Title VII

First, where "all federal-law claims are eliminated before trial, [a] balance of [judicial economy, convenience, fairness, and comity considerations] . . . will point towards declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon v. Cohill, 484 U.S. 343, 350 (1988). Second, Magistrate Judge Maas recommended that the Court decline to exercise supplemental jurisdiction so that a state court could consider AlliedBarton's request for (a) an injunction precluding Jiggetts from filing any lawsuits against AlliedBarton in state court, and (b) an award of the fees and expenses that it incurred in defending against his frivolous claim.

In Jiggetts III, Judge Batts enjoined Jiggetts from filing any related, frivolous claims against AlliedBarton in federal court, but, due to comity concerns, did not enjoin Jiggetts from filing suit in state court. Jiggetts III, 2011 WL 4072033, at *1 & n.2. Magistrate Judge Maas recognized the benefit of providing the state court with an opportunity to similarly enjoin Jiggetts from filing related frivolous suits against AlliedBarton in state court. (R&R 26.)

Finally, Magistrate Judge Maas noted that "the grant of an uncollectible judgment against [Jiggetts] would neither serve as a deterrent nor provide compensation to AlliedBarton," and thus augurs against a monetary award here. (R&R 27 (quoting Jiggetts III, 2011 WL 4072033, at *11).) Accordingly, he recommended that this Court not impose a monetary award.

**IV.   Discussion**

In reviewing a report and recommendation, a court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of the report to which no timely

---

claim. See Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 316 n.3 (2004). Since Jiggetts failed to state a Title VII claim, his NYSHRL-based breach of contract claim also fails. (R&R 25.)

objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

Neither Jiggetts, nor any other party has filed objections to the R&R. The Court has reviewed Magistrate Judge Maas' Report and Recommendation for clear error and finds none. Accordingly, Defendants' motions to dismiss are therefore granted in part and denied in part.

## V.     Conclusion

For the foregoing reasons, the Court adopts Magistrate Judge Maas's R&R in its entirety. Defendants' motions to dismiss are GRANTED with respect to Jiggetts's Title VII and ADA claims, and the Court declines to exercise supplemental jurisdiction over Jiggetts's state law claims. The Clerk of the Court is directed to terminate these motions (Dkt. Nos. 9, 10, 16) and close this case.

Dated: New York, New York
       February 27, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Kyle Jiggetts
1595 Unionport Road, Apt. 9D
Bronx, NY 10462

Andre Leon Lindsay
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007

Geraldine Ann Cheverko, Esq.
Eckert, Seamans, Cherin & Mellott LLC

11

10 Bank Street
White Plains, NY 10606

10 Bank Street
White Plains, NY 10606